UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-21495-CIV-KING

AARON K. HILL,

        Counter-Plaintiff,

v.

ZUBIN NAGPAL, NARESH NAGPAL,
BEENA NAGPAL, FRED PORTNOY,
and CMCO MORTGAGE, LLC,
d/b/a Home Lending Source,

        Counter-Defendants.

_____/

**ORDER GRANTING IN PART MOTION TO DISMISS COUNTERCLAIM**

        **THIS MATTER** comes before the court upon Counter-Defendants'
Motion to Dismiss Counterclaim and to Compel a More Definite Statement (DE
#32), filed November 5, 2012. The Counter-Defendants argue that the
Counterclaim should be dismissed because its eighteen counts do not satisfy
pleading standards. The Court, being briefed on the matter,[1] finds that the Motion
should be granted in part.

**I. BACKGROUND**

        On April 4, 2012, Plaintiff Zubin Nagpal filed a one-count Complaint (DE
#1-2) against Defendant Aaron K. Hill, alleging breach of a guaranty note. Nagpal
is a Florida resident and shareholder in CMCO Mortgage, doing business as Home

---

[1] The Counter-Claimant, pursuant to the Court's November 15, 2012 Order (DE #34) granting an
extension of time to oppose, timely filed a Response (DE #38) on December 18, 2012. Counter-
Defendants did not Reply.

Lending Source ("HLS"); Hill is a Kentucky resident and former HLS employee. On the basis of federal diversity jurisdiction, Hill timely removed Nagpal's Complaint to this Court on April 20, 2012. After the Court denied Hill's Motion to Stay litigation pending the outcome of a related state court action in Kentucky (DE #17), Hill filed his Answer and Verified Counterclaim (Countercl., DE #20) on October 4, 2012. Counter-Plaintiff Hill alleges eighteen counts against Plaintiff Nagpal and four other Counter-Defendants: HLS, a Florida limited liability company; Naresh Nagpal, a Florida resident and chairman of HLS; Beena Nagpal, a Florida resident; and Fred Portnoy, a Florida resident and president of HLS.

Counter-Plaintiff alleges claims for breach of contract (Count I); breach of fiduciary duty (Count II); aiding and abetting breach of fiduciary duty (Count III); negligent misrepresentation (Count IV); fraudulent misrepresentation (Count V); promissory estoppel (Count VI); abuse of process (Count VII); common law indemnification (Count VIII); tortious interference with prospective economic advantage (Count IX); unjust enrichment (Count X); conversion of funds (Count XI); usurpation of corporate business opportunities (Count XII); breach of duty of good faith and fair dealing (Count XIII); contractual indemnification (Count XIV); *quia timet* (Count XV); disgorgement (Count XVI); declaratory relief (Count XVII); and punitive damages (Count XVIII). (Countercl. ¶¶ 1–133).

Counter-Defendants move, under Federal Rule of Civil Procedure 12(b)(6), to have all eighteen claims dismissed for failure to meet Rule 8 pleading standards.

Alternatively, they move to compel Counter-Plaintiff to provide a more definite statement of the claims.

## II. LEGAL STANDARD

Counterclaims are held to the same pleading standards applied to complaints. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1141 (11th Cir. 2005). Rule 8 requires that a complaint include a "short and plain statement" demonstrating that the claimant is entitled to relief. Fed R. Civ. P. 8. To survive a Rule 12(b)(6) motion, a complaint must include "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007) (characterizing allegations of parallel conduct in support of a claim for price fixing as falling short of plausible). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937 (2009).

When evaluating a motion to dismiss, the Court must take all of the well-pled factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007). So long as the complaint properly alleges facts that make its claims plausible, the Court must view the complaint's allegations in the light most favorable to the plaintiff. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010). As a corollary, allegations absent supporting facts are not entitled to this presumption of veracity. *Iqbal*, 129 S. Ct. at 1951. If the Court identifies such conclusory allegations, it must then consider whether the remaining

allegations "plausibly suggest an entitlement to relief." *Id.* The Court must dismiss a complaint that does not present a plausible claim entitled to relief.

## III. DISCUSSION

Counter-Defendants' Motion argues that the Counterclaim should be dismissed for a variety of pleading deficiencies. Counter-Defendants' allegations are voluminous: Counts I, II, III, IV, V, VIII, IX, XIII, and XIV fail to plead essential elements of the cause of action; Counts IV and V do not satisfy heightened pleading standards required for those claims; Counts VI, VII, and X are without merit; Count IX is barred by litigation privilege; Counts XI and XII are improper derivative claims; Counts XI and XV lacks a short and plain statement of entitlement to relief; Counts XVI and XVIII are remedies, not causes of action; and Count XVII seeks an advisory opinion. In a lengthy Response, Counter-Plaintiff opposes almost all of Counter-Defendants' arguments. The Court now addresses each of the eighteen counts in turn.

### A. *The Counts*

#### i. Breach of Contract (Count I)

Under Florida law, the elements for a breach of contract claim are: "(1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach." *State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Ctr., Inc.*, 427 F. App'x 714, 725 (11th Cir. 2011) (quoting *Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. Dist. Ct. App. 2006)). Count I of the Counterclaim alleges the existence of a contract between Counter-Plaintiff and the Counter-Defendants

and accuses Counter-Defendants of breaching that contract. However, Count I does not allege damages resulting from that breach. Instead, Count I states a legal conclusion: "As a result, Hill is entitled to the consequential damages for breaches from Counterclaim Defendants." (Countercl., ¶ 49). Accordingly, Count I is dismissed as factually insufficient.

### ii. Breach of Fiduciary Duty (Count II)

Counter-Defendants argue that, when properly understood, the relevant facts pled in Count II do not establish the existence of a fiduciary duty. But, at this stage, the Court analyzes only whether the facts pled are plausible on their face and, if true, would support the allegations. *See American Dental*, 605 F.3d at 1289. Count II exceeds this threshold.

However, Counter-Plaintiff fails to allege all essential elements of the claim. "The elements of a breach of fiduciary duty claim are: (1) the existence of a fiduciary duty; (2) the breach of that duty; and (3) damage proximately caused by that breach." *Treco Intern. S.A. v. Kromka*, 706 F.Supp.2d 1283, 1288 (S.D. Fla. 2010). Like with Count I, Count II states damages as a legal conclusion. *See* (Countercl., ¶ 56). Accordingly, Count II is dismissed as factually insufficient.

### iii. Aiding and Abetting Breach of Fiduciary Duty (Count III)

Florida recognizes a cause of action for aiding and abetting a breach of fiduciary duty. "The elements are (1) a fiduciary duty on the part of the wrongdoer; (2) a breach of fiduciary duty; (3) knowledge of the breach by the alleged aider and abettor; and (4) the aider and abettor's substantial assistance or

encouragement of the wrongdoing." *Pearlman v. Alexis*, No. 09–20865–CIV, 2009 WL 3161830, at *5 (S.D. Fla. Sept. 25, 2009). Count III, in relevant part, alleges the existence of a fiduciary duty and that Counter-Defendants "were aware of the special relationship between each other and Counterclaim Plaintiff Hill and knowingly and/or recklessly aided and abetted the breaches of fiduciary duties described herein." (Countercl. ¶ 59). This allegation fails to allege, however, that the Counter-Defendants knew that the act for which they were providing substantial assistance was the breach of a fiduciary duty. Additionally, the Counterclaim provides no demarcation between the allegedly tortious acts of aiding and abetting by each Counter-Defendant; the allegations under Count III are broadly directed at "[t]he actions of Counterclaim Defendants." (Countercl. ¶ 61). Accordingly, Count III is dismissed as factually insufficient.

### iv. Negligent Misrepresentation (Count IV)

The Counterclaim does not allege whether the negligent misrepresentation occurred in Kentucky or Florida, though Counter-Plaintiff's Response alleges that "the communications all occurred in person, by phone, by emailor by fax and were made by persons located in Florida, Kentucky and/or both." (DE #38, p. 20). To plead a cause of action for negligent misrepresentation under Florida law, the Counter-Plaintiff must allege that: "(1) the defendant made a misrepresentation of material fact that he believed to be true but which was in fact false; (2) the defendant was negligent in making the statement because he should have known the representation was false; (3) the defendant intended to induce the plaintiff to

rely . . . on the misrepresentation; and (4) injury resulted to the plaintiff acting in justifiable reliance upon the misrepresentation." *Romo v. Amedex Ins. Co.*, 930 So. 2d 643, 653 (Fla. Dist. Ct. App. 2006) (quoting *Simon v. Celebration Co.*, 883 So. 2d 826, 832 (Fla. Dist. Ct. App. 2004)). Count IV is clearly insufficiently pled under Florida law. Though the Counterclaim alleges that Counter-Defendants negligently made numerous misrepresentations that Counter-Plaintiff relied upon, it fails to allege that those misrepresentations were: material; believed by Counter-Defendants to be true; intended to induce Counter-Plaintiff's reliance; justifiably relied upon by Counter-Plaintiff; and the direct result of Counter-Plaintiff's injury. Count IV also is insufficiently pled under Kentucky law because, at the very least, it does not allege "justifiable reliance." *See Presnell Const. Managers, Inc. v. EH Const., LLC*, 134 S.W. 3d 575, 580 (Ky. 2004). Accordingly, Count IV is dismissed as factually insufficient.

### v. Fraudulent Misrepresentation (Count V)

In Florida, the elements for fraudulent misrepresentation are: "(1) a false statement of fact; (2) known by the defendant to be false at the time that it was made; (3) made for the purpose of inducing the plaintiff to act in reliance thereon; (4) action by the plaintiff in reliance on the correctness of the representation; and (5) resulting damage or injury." *Nat'l Ventures, Inc. v. Water Glades 300 Condo. Ass'n*, 847 So. 2d 1070, 1074 (Fla. Dist. Ct. App. 2003). The elements are similar

under Kentucky law, if applicable.[2] Under Florida and Kentucky law, Counter-Plaintiff has not sufficiently pled Count V because he states damages, as in Counts I and II, as legal conclusions. *See* (Countercl., ¶ 70) ("As a result, Hill is entitled to compensatory and punitive damages as described herein and incorporated above."). Counter-Plaintiff must allege the damages that flow from Counter-Defendants' allegedly injurious act. Accordingly, Count V is dismissed as factually insufficient.[3]

### vi. Promissory Estoppel (Count VI)

Promissory estoppel is an equitable remedy, applicable "where the requirements for a valid contract do not exist 'yet the promise should be enforced to avoid injustice.'" *Bell Canada v. Yak America*, No. 12–22143–CIV, 2012 WL 4025745, at *3 (quoting *Doe v. Univision Television Group, Inc.*, 717 So. 2d 63, 65 (Fla. Dist. Ct. App. 1998)). It is not available "when parties have a written contract addressing the relevant issue." *Coral Reef Drive Land Dev., LLC v. Duke Realty Ltd. P'ship*, 45 So. 3d 897, 902 (Fla. Dist. Ct. App. 2010) (citation omitted). In the above-styled action, the Counterclaim clearly indicates that the parties had entered into a written agreement on the relevant issue. However, the United States Supreme Court in *Iqbal* indicated that courts may consider an

---

[2] A claim for fraudulent misrepresentation has six elements under Kentucky law: "(1) that the declarant made a material representation to the plaintiff; (2) that this representation was false; (3) that the declarant knew the representation was false or made it recklessly; (4) that the declarant induced the plaintiff to act upon the misrepresentation; (5) that the plaintiff relied upon the misrepresentation; and (6) that the misrepresentation caused injury to the plaintiff." *Flegles, Inc. v. TruServ Corp.*, 289 S.W. 3d 544, 549 (Ky. 2009).

[3] Because Counts IV and V are dismissed as factually insufficient, the Court need not analyze whether they were pled with the particularity that Counter-Defendants argue was required.

"obvious alternative explanation." 556 U.S. at 682. Claims may be alleged in the alternative. Should the Court find that a valid contract did not exist between Counter-Plaintiff and Counter-Defendant, a claim for promissory estoppel would provide an equitable path by which the Court could find for Counter-Plaintiff. Accordingly, Count VI is properly pled and will not be dismissed.

### vii. Abuse of Process (Count VII)

The Counterclaim alleges that Counter-Defendant HLS impermissibly initiated the Kentucky state court action, seeking enforcement of a non-compete agreement against Counter-Plaintiff, "for a purpose other than that which was intended by the law and the efforts to obtain an order from the court restricting competition were not lawful." (Countercl., ¶ 79). In particular, Counter-Plaintiff alleges that Counter-Defendants initiated the action so that a third-party would terminate his employment. (*Id.* at ¶ 81). Under Kentucky law, a claim for abuse of process exists when an individual uses the legal system, whether civil or criminal, against another primarily for a purpose for which it was not designed. *Sprint Commc'n Co., L.P. v. Leggett*, 307 S.W. 3d 109, 113 (Ky. 2010). The improper purposes usually takes the form of coercion or extortion. *Id.* Count VII of the Counterclaim alleges that Counter-Defendants misused the legal system in suing Counter-Plaintiff and that they did so to coerce a negative employment action. Taking the allegations as true, which the Court must do at this stage, the Court finds that Counter-Plaintiff's allegation plausibly could support a cause of action

for abuse of process. Accordingly, Count VII is sufficiently pled and will not be dismissed.

### viii. Common Law Indemnification (Count VIII)

"[C]ommon law indemnity is an equitable remedy that arises out of obligations imposed through special relationships[.]" *Camp, Dresser & McKee, Inc. v. Paul N. Howard Co.*, 853 So. 2d 1072, 1077 (Fla. Dist. Ct. App. 2003). A party pursuing a claim for common law indemnification must establish that he is without fault and the party against whom he seeks indemnity was at fault. *Dade Cnty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 642 (Fla. 1999). The Counterclaim fails to allege that Counter-Plaintiff is without fault. Counter-Plaintiff's argument that it was unnecessary for him to plead lack of fault because if he is found to have suffered losses from Counter-Defendants' misrepresentations then, "by definition, he will have been found to be without fault," (DE #38, p. 22) is both circular and unavailing. Rule 8 pleading standards require that Counter-Plaintiff allege that he is without fault. According, Count VIII is dismissed as factually insufficient.

### ix. Tortious Interference (Count IX)

The Counterclaim alleges that Counter-Defendants intentionally filed the Kentucky state court action with knowledge of the existing relationship between Counter-Plaintiff and a third party, Peoples Bank, with an improper motive to interfere and that the interference caused injury to the Counter-Plaintiff. Counter-Defendants move to dismiss Count IX because it omits the world "valid" in

alleging the existing business relationship. (Countercl., ¶¶ 87–93). The semantic distinction, as it pertains to pleading standards, is insignificant. Moreover, the Court finds the Counter-Defendants' alternative argument—that Count IX is barred by litigation privilege—irrelevant on a motion to dismiss; Counter-Defendants' attack on Count IX is better understood as an affirmative defense and thus cannot serve to imperil the sufficiency of pleadings. Accordingly, Count IX is sufficiently pled and will not be dismissed.

### x. Unjust Enrichment (Count X)

Like promissory estoppel, unjust enrichment is an equitable remedy. "It is well settled that the law will not imply a contract where an express contract exists concerning the same subject matter." *Kovtan v. Frederiksen*, 449 So. 2d 1, 1 (Fla. Dist. Ct. App. 1984). In the above-styled action, the Court has not yet determined the validity of the contract between Counter-Plaintiff and Counter-Defendants. Accordingly, Count X will not be dismissed.

### xi. Conversion of Funds (Count XI)

Counter-Defendants argue that Count XI, which alleges that Counter-Defendants converted funds due HLS's Internet Division, should be dismissed because it fails to set forth a short and plain statement of the claim to relief and because it is brought derivatively by Counter-Plaintiff on behalf of HLS's Internet Division. "[C]onversion is an unauthorized act with deprives another of his property permanently or for an indefinite time." *Mayo v. Allen*, 973 So. 2d 1257, 1258 (Fla. Dist. Ct. App. 2008). The Counterclaim meets this burden for pleading

conversion. Significantly, Paragraphs 34–42 allege specific acts that constitute the alleged conversion. The Court also finds Counter-Defendants alternative argument insufficient on a motion to dismiss. In alleging that his compensation was tied to the Internet Division's funds, Counter-Plaintiff has pled a direct claim, rather than a derivative claim. *See Karten v. Woltin*, 23 So. 3d 839, 840 (Fla. Dist. Ct. App. 2009) ("Generally, a shareholder cannot sue in the shareholder's name for injuries to a corporation unless there is a special duty between the wrongdoer and the shareholder, and the shareholder has suffered an injury separate and distinct from that suffered by other shareholders."). Thus, Count XI, in taking the facts as true, has been brought on Counter-Plaintiff's behalf. Accordingly, Count XI will not be dismissed.

### xii. Usurpation of Corporate Business Opportunities (Count XII)

Counter-Defendants' attack on Count XII is the same as on Count XI: that Counter-Plaintiff brings his claim derivatively. For the reasons just discussed, Counter-Defendants' allegation is not apparent from the face of the pleading and thus dismissal of this Count would be inappropriate on a motion to dismiss. Accordingly, Count XII will not be dismissed.

### xiii. Breach of Duty of Good Faith and Fair Dealing (Count XIII)

Under Florida law, every contract contains an implied covenant of good faith and fair dealing. *Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*, 420 F.3d 1146, 1151 (11th Cir. 2005). "A breach of the implied covenant of good faith and fair dealing is not an independent cause of action, but attaches to the

performance of a specific contractual obligation." *Id.* The duty "must be anchored to the performance of an express contractual obligation." *Flagship Resort Dev. Corp. v. Interval Int'l, Inc.*, 28 So. 3d 915, 924 (Fla. Dist. Ct. App. 2010). In the above-styled action, the Counterclaim alleges at least 15 specific breaches of the contract between Counter-Plaintiff and Counter-Defendants. *See* (Countercl., ¶ 29). The claims are anchored to express provisions of the contract and thus are properly pled. Accordingly, Count XIII will not be dismissed.

### xiv. Contractual Indemnification (Count XIV)

"In cases involving contractual indemnity, the terms of the agreement will determine whether the indemnitor is obligated to reimburse the indemnitee for a particular claim." *Camp Dresser*, 853 So. 2d at 1077. As with common law indemnification, the claimant must be without fault. *See National R.R. Passenger Corp. v. Rountree Transport and Rigging, Inc.*, 286 F.3d 1233, 1260 (11th Cir. 2002) ("[U]nder Florida law, one party has to indemnify another only if the latter's liability is founded on the former's wrongdoing, not on its own."). For the same reasons discussed above in Part III.A.viii (contractual indemnification), the Counterclaim fails to explicitly state that Counter-Plaintiff is without fault. Accordingly, Count XIV is dismissed as factually insufficient.

### xv. *Quia Timet* (Count XV)

"Courts of equity may entertain a bill of *quia timet* for the purpose of preventing a possible future injury, and thereby quieting men's minds and estate." *Johnson v. Baker*, 74 So. 210, 211 (Fla. 1917). *Quia timet* is an "equitable bill

used to guard against possible or prospective injuries." BLACK'S LAW DICTIONARY 156 (7th ed. 1999). The Counterclaim alleges that Counter-Plaintiff "anticipates and fears future injury and losses as result of the claims made against him" by Counter-Defendants in the instant action and the Kentucky state court action. It is not apparent to the Court that Counter-Plaintiff need plead Count XV with any more particularity, and Counter-Defendants' do not cite any authority for the proposition that he must. Accordingly, Count XVII will not be dismissed.

### xvi. Disgorgement (Count XVI)

"Disgorgement is an equitable remedy intended to prevent unjust enrichment." *S.E.C. v. Lauer*, 478 F. App'x 550, 557 (11th Cir. 2012) (citing *Commodity Futures Trading Comm'n v. Sidoti*, 178 F.3d 1132, 1138 (11th Cir. 1999)). The remedy is subsidiary to an unjust enrichment claim; it is not a separate cause of action. *See King Mountain Condominium Ass'n v. Gundlach*, 425 So. 2d 569, 569 (Fla. Dist. Ct. App. 1982). Counter-Plaintiff pleads disgorgement as a separate cause of action "[b]ecause Counterclaim Defendants profited from the breaches of fiduciary duty described herein . . ." (Countercl., ¶ 127). Accordingly, Count XVI is dismissed as legally insufficient.

### xvii. Declaratory Relief (Count XVII)

The federal Declaratory Judgment Act permits district courts to "declare the rights and other legal relations of any interested party seeking such declaration" when an "actual controversy" exists. 28 U.S.C. § 2201(a). The Supreme Court has held that "no controversy exists when a declaratory judgment plaintiff attempts to

obtain a premature ruling on potential defenses that would typically be adjudicated in a later actual controversy." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 139 (2007). In the above-styled action, Counter-Plaintiff seeks a declaration that Counter-Defendants were the first to materially breach the contract between the parties and, in doing so, released Counter-Plaintiff from any further obligations. (Countercl., ¶ 129). Because prior breach is also raised as an affirmative defense to the Complaint, Counter-Defendants argue that an actual controversy is lacking. However, simply because a counterclaim plaintiff seeks a declaratory judgment on an issue relevant to an affirmative defense in the counter-defendant's underlying claim does not prove the lack of an actual controversy. *See, e.g.*, *Yellow Pages Photos, Inc. v. Ziplocal, LP*, No. 8:12–cv–755–T–26TBM, 2012 WL 5878102, at *1 (M.D. Fla. Nov. 20, 2012) (Giving [the counter-plaintiff] the benefit of the doubt, this Court will permit the counterclaim to stand in the event all issues raised in the counterclaim for declaratory relief are not fully resolved by the complaint and affirmative defenses."). Accordingly, Count XVII will not be dismissed.

### xviii. Punitive Damages (Count XVIII)

Like disgorgement, punitive damages are a remedy, not a cause of action. They "can only be recovered pursuant to a substantive claim. *Soffer v. R.J. Reynolds Tobacco Co.*, No. 1D11–3724, 2012 WL 5233477, at *7, --- So. 3d --- (Fla. Dist. Ct. App. Oct. 24, 2012). Counter-Plaintiff pleads punitive damages as a separate cause of action because "[t]he actions of the Counterclaim Defendants were carried out willfully, wantonly with reckless disregard to the rights of the

Counterclaim Plaintiff . . ." (Countercl., ¶ 132). Accordingly, Count XVIII is dismissed as legally insufficient.

## B. *Shotgun Pleadings*

Additionally, Counter-Defendants allege that the Counterclaim constitutes impermissible "shotgun pleading," which this Circuit has admonished" litigants for employing. *Bailey v. Janssen Pharmaceutica, Inc.*, 288 F. App'x 597, 602 (11th Cir. 2008). "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Counter-Defendants' ask that the Court compel Counter-Plaintiff to provide a more definite statement. In his Response, "Hill concedes that each Count of the Counterclaim incorporates by reference the prior paragraphs and that pursuant to *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366–77 (11th Cir. 1996), this Court could compel a more definite statement in the form of an Amended Counterclaim." (DE #38, p. 6). Despite, Counter-Plaintiff's contention that a more definite statement would "accomplish nothing of substance," (*Id.*), the Court finds that it is warranted.

## IV. CONCLUSION

Accordingly, upon careful consideration, it is **ORDERED, ADJUDGED, and DECREED** that Counter-Defendants' Motion to Dismiss Counterclaim and

to Compel a More Definite Statement (**DE #32**) be, and is hereby, **GRANTED in part**. Counts XVI and XVIII of the Counterclaim (**DE #20, p. 6–32**) are **DISMISSED with prejudice**. Counts I, II, III, IV, V, VIII, and XIV are **DISMISSED without prejudice** and may be re-filed in accordance with this Order, federal pleading standards and applicable case law. Counter-Defendants' Motion is **DENIED in part**, as to Counts VI, VII, IX, X, XI, XII, XIII, XV and XVII, which are properly pled. For the remaining Counts, and for any Counts dismissed without prejudice that Counter-Plaintiff chooses to re-plead, Counter-Plaintiff **SHALL** file within **thirty (30) days** of this Order an Amended Counterclaim, therein providing a more definite statement and avoiding the factual redundancies and repetitive incorporations that constitute shotgun pleadings in the Counterclaim.

  **DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, dated this 22nd day of January, 2013.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**Cc:**

*Counsel for Plaintiff*

**Justin Angelo**
Greenberg Traurig
401 East Las Olas Blvd.
2000
Fort Lauderdale, FL 33301
954-765-0500

**Howard D. DuBosar**
The DuBosar Law Group, P.A.
1800 N. Military Trail
Suite 470
Boca Raton, FL 33431
561-544-8980

*Counsel for Defendant*

**David W. Hemminger**
Lynch, Cox, Gilman & Goodman, P.S.C.
500 W. Jefferson Street
Suite 2100
Louisville, KT 40202

**John D. Cox**
Lynch Cox Gilman & Goodman PSC
500 W Jefferson Street
Suite 2100
Louisville, KY 40202
502-589-4215

**Russell Cornelius Weigel, III**
Russell C Weigel III PA
5775 Blue Lagoon Drive
Suite 100
Miami, FL 33126
786-888-4567