UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-CV-21495-KING

ZUBIN NAGPAL,

    Plaintiff,

v.

AARON K. HILL,

    Defendant/Counter-Plaintiff,

v.

ZUBIN NAGPAL, NARESH NAGPAL, BEENA
NAGPAL, FRED PORTNOY, and CMCO MORTGAGE,
LLC d/b/a HOME LENDING SOURCE,

    Counter-Defendants.
_____/

## ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT

**THIS CAUSE** came before the Court upon Plaintiff's Motion for Summary Judgment as to the Complaint and Incorporated Memorandum of Law ("Plaintiff's Motion") (DE 108), and Counter-Defendants CMCO Mortgage, LLC d/b/a Home Lending Source ("CMCO"), Zubin Nagpal ("Zubin"), Naresh Nagpal ("Naresh"), Beena Nagpal ("Beena"), and Fred Portnoy's ("Portnoy") (collectively, the "Counter-Defendants") Motions for Summary Judgment as to the Amended Verified Counterclaim and Incorporated Memorandums of Law (collectively, the "Counter-Defendants' Motions") (DE 110, 112, 114, 117 and 119).

Upon review of Plaintiff's Motion, Counter-Defendants' Motions, Defendant/Counter-Plaintiff's Response to the Motions (the "Response") (DE 122), the evidence and argument of counsel presented at the hearing on July 17, 2014, the record in the case, and being otherwise

fully advised in the premises, the Court finds that Plaintiff's and Counter-Defendants' Motions must be granted.

## PROCEDURAL AND FACTUAL BACKGROUND

1. On April 4, 2012, Plaintiff Zubin Nagpal ("Zubin") initiated this action by filing a complaint against Defendant Aaron Hill ("Hill") for breach of that certain Non-Negotiable Promissory Note & Guaranty dated November 12, 2010 (the "Note & Guaranty") (DE 109-1), whereby Hill guaranteed the repayment of $618,045.10 loaned by Zubin to First Meridian Mortgage Corporation. *See* DE 1-2.

2. On April 20, 2012, pursuant to 28 U.S.C. §§1332, 1441 and 1446, the action was removed to this United States District Court for the Southern District of Florida. DE 1.

3. On December 18, 2012, this Court granted leave for Hill to amend his Answer and deemed his Amended Answer to the Complaint filed.

4. In the Amended Answer, Hill asserted the following affirmative defenses: (1) Failure of Consideration; (2) Failure to State a Claim; (3) Waiver; (4) Estoppel/Promissory Estoppel; (5) Laches; (6) First Breach; (7) Unclean Hands; and (8) Fraudulent Inducement. DE 39-1

5. On March 4, 2013, Hill filed his Amended Verified Counterclaim (the "Counterclaim") against the Counter-Defendants (DE 46). In the Counterclaim, Hill asserted sixteen claims against the Counter-Defendants, including the following:

   a. Count I for Breach of Contract against Counter-Defendants Zubin, CMCO, and Naresh;

   b. Count II for Breach of Fiduciary duty against Zubin, CMCO, Naresh, and Portnoy;

   c. Count III for Aiding and Abetting Breach of Fiduciary Duty against Zubin, CMCO, Naresh, and Portnoy;

    d. Count IV for Negligent Misrepresentation against Zubin, CMCO, and Naresh;

    e. Count V for Fraudulent Misrepresentation against Zubin, CMCO, Naresh, and Portnoy;

    f. Count VI for Promissory Estoppel against Zubin, CMCO, and Naresh;

    g. Count VII for Abuse of Process against CMCO;

    h. Count VIII for Common Law Indemnification against Zubin, CMCO, Naresh, Beena, and Portnoy;

    i. Count IX for Tortious Interference with Prospective Economic Advantage against Zubin, CMCO, Naresh, Beena, and Portnoy;

    j. Count X for Unjust Enrichment against Zubin, CMCO, Naresh, Beena, and Portnoy;

    k. Count XI for Conversion of Funds Due Internet Division against Zubin, CMCO, Naresh, Beena, and Portnoy;

    l. Count XII for Usurpation of Corporate Business Opportunities against Zubin, Naresh, and Portnoy;

    m. Count XIII for Breach of Duty of Good Faith and Fair Dealing against Zubin, CMCO, Naresh, Beena, and Portnoy;

    n. Count XIV for Contractual Indemnification against Zubin and Naresh;

    o. Count XV for Quia Timet against Zubin, Naresh, Portnoy, and CMCO; and

    p. Count XVI for Declaratory Relief against Zubin, CMCO, Naresh, Beena, and Portnoy.

6. On March 7, 2014, the following motions were filed:

    a. Plaintiff Zubin Nagpal's Motion for Summary Judgment as to the Complaint and Incorporated Memorandum of Law (DE 108) and Statement of Material Facts in Support of the Motion for Summary Judgment (DE 109).

    b. Counter-Defendant Beena's Motion for Summary Judgment as to the Amended Verified Counterclaim and Incorporated Memorandum of Law (DE 110) and Statement of Material Facts Submitted in Support of the Motion for Summary Judgment ("Beena's Statement of Material Facts") (DE 111).

    c. Counter-Defendant Portnoy's Motion for Summary Judgment as to the Amended Verified Counterclaim and Incorporated Memorandum of Law (DE

112) and Statement of Material Facts Submitted in Support of the Motion for Summary Judgment ("Portnoy's Statement of Material Facts") (DE 113).

    d. Counter-Defendant Zubin's Motion for Summary Judgment as to the Amended Verified Counterclaim and Incorporated Memorandum of Law (DE 114) and Statement of Material Facts Submitted in Support of the Motion for Summary Judgment ("Zubin's Statement of Material Facts") (DE 115).

    e. Counter-Defendant Naresh's Motion for Summary Judgment as to the Amended Verified Counterclaim and Incorporated Memorandum of Law (DE 117) and Statement of Material Facts Submitted in Support of the Motion for Summary Judgment ("Beena's Statement of Material Facts") (DE 118).

    f. Counter-Defendant CMCO' Motion for Summary Judgment as to the Amended Verified Counterclaim and Incorporated Memorandum of Law (DE 119) and Statement of Material Facts Submitted in Support of the Motion for Summary Judgment ("CMCO's Statement of Material Facts") (DE 120).

7. In the aforementioned Motions for Summary Judgment, Plaintiff and the Counter-Defendants contend that there is no genuine issue of material fact relating to the claim asserted in the Complaint or in the claims asserted against them in the Counterclaim, and they are entitled to summary judgment as a matter of law.

8. On March 27, 2014, Hill, proceeding *pro se* in this action, filed his Response. DE 122.

9. Pursuant to this Court's Order Reserving Ruling on Motions entered on July 14, 2014 (DE 138), the Motions were called up for hearing on July 17, 2014 at the scheduled Calendar Call.

10. Hill did not appear at the Calendar Call nor did he have counsel appear on his behalf.

## DISCUSSION

The Court finds that Hill's Response (DE 122) failed to establish any genuine issue of material fact with respect to the Complaint or the Counterclaim. Moreover, the Response was insufficient to comply with the requirements of Rule 56 of the Federal Rules of Civil Procedure

and Rule 56.1 of the Local Rules for the Southern District of Florida. Specifically, Hill failed to controvert any of material facts set forth in (a) Plaintiff's Statement of Material Facts in Support of the Motion for Summary Judgment; (b) Beena's Statement of Material Facts; (c) Portnoy's Statement of Material Facts; (d) Zubin's Statement of Material Facts; (e) Naresh's Statement of Material Facts; or (f) CMCO's Statement of Material Facts (collectively, the "Statements of Material Facts"). Further, the Court finds that the Statements of Material Facts are supported by evidence in the record. Accordingly, all of the material facts set forth in the Statements of Material Facts (DE 109, 111, 113, 115, 118, and 120) are deemed admitted and incorporated herein by reference. *See* Fed. R. Civ. P. 56(e); S.D. Fla. L. R. 56.1(b).

Based upon material facts set forth in the Statements of Material Facts and the Court's thorough review of the record, the Court finds that there is no genuine issue of material fact as to the Complaint or the Counterclaim, and that Plaintiff and Counter-Defendants are entitled to summary judgment as a matter of law on the Complaint and the Counterclaim, respectively. Moreover, pursuant to the terms of the transactional documents which were the subject of this action and in light of the parties' agreement as set forth in the Note & Guaranty and the Joint Pretrial Stipulation (DE 128), as the prevailing parties, Plaintiff and Counter-Defendants are entitled to an award of attorneys' fees and costs in their favor against Hill.

## CONCLUSION

Accordingly, it is **ORDERED, ADJUDGED, and DECREED**:

1. Plaintiff's Motion for Summary Judgment and Incorporated Memorandum of Law **(DE 108)** be, and the same is, hereby **GRANTED**. Plaintiff is granted summary judgment on the Complaint (DE 1-2) in an amount equal to the principal sum of the Note & Guaranty (DE 109-1), plus all accrued interest.

2. Counter-Defendants' Motions for Summary Judgment and Incorporated Memoranda of Law **(DE 110, 112, 114, 117, and 119)** be, and the same are, hereby **GRANTED**.

**IT IS FURTHER ORDERED and ADJUDGED** that the Court reserves jurisdiction to determine the amount of attorney's fees and costs to be awarded in favor of Plaintiff and Counter-Defendants.

**DONE AND ORDERED** in Chambers in Dade County, Florida on this 2nd day of October, 2014.

                                                JAMES LAWRENCE KING
                                                UNITED STATES DISTRICT COURT JUDGE

**Cc:** Howard D. Dubosar, Esq., CM/ECF DuBosarH@dubolaw.com
Robert C. Sheres, Esq., CM/ECF SheresR@dubolaw.com
Aaron Hill, *pro se*